**Bradley R. JOHNSON, Plaintiff—
Appellee,**

v.

**POWAY UNIFIED SCHOOL DIS-
TRICT; et al., Defendants—
Appellants.**

No. 10–55445.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2011.

Filed Sept. 13, 2011.

Charles S. Limandri, Esquire, Law Offices of Charles S. Limandri, Rancho Santa Fe, CA, Robert Joseph Muise, Esquire, Thomas More Law Center, Ann Arbor, MI, for Plaintiff-Appellee.

Jack M. Sleeth, Jr., Esquire, Paul Vincent Carelli, Daniel R. Shinoff, Esquire, Stutz Artiano Shinoff & Holtz, San Diego, CA, for Defendants–Appellants.

Before: SILVERMAN, TALLMAN, and CLIFTON, Circuit Judges.

MEMORANDUM *

Poway Unified School District and its officials appeal the district court's award of summary judgment in Bradley Johnson's

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. We reverse the district court's award of summary judgment to Johnson on his federal

---

favor on claims arising under the California Constitution, article I, sections 2 and 4.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

Poway did not violate Johnson's rights under the liberty of speech clause of the California Constitution by ordering that he curtail his in-class employee speech.  *San Leandro Teachers Ass'n v. Governing Bd. of the San Leandro Unified Sch. Dist.,* 46 Cal.4th 822, 95 Cal.Rptr.3d 164, 209 P.3d 73, 87 (2009).

Because Poway's conduct satisfies *Lemon v. Kurtzman,* 403 U.S. 602, 612, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971), it also did not violate either the establishment clause or the no preference clause of the California Constitution under the circumstances before us.  *East Bay Asian Local Dev. Corp. v. State of Cal.,* 24 Cal.4th 693, 102 Cal.Rptr.2d 280, 13 P.3d 1122, 1138 (2000) ("We do not believe, however, that the protection against the establishment of religion embedded in the California Constitution creates broader protections than those of the First Amendment."); *id.* at 1139 ("Having concluded above that an exemption from a landmark preservation law satisfies all prongs of the *Lemon* test, it follows that the exemption is neither a governmental preference for or discrimination against religion.").

We reverse and remand with instructions that the district court vacate its grant of injunctive and declaratory relief and award of damages and enter summary judgment in favor of Poway and its officials on all claims.  Johnson shall bear all costs.  Fed. R.App. P. 39(a)(3).

---

claims in a published opinion filed concurrently with this disposition.  The relevant facts underlying all of the issues on appeal are found there.

REVERSED and REMANDED with instructions.